**HEFNER, STARK & MAROIS, LLP**
Howard S. Nevins (CA BAR ASSN NO. 119366)
Aaron A. Avery (CA BAR ASSN NO. 245448)
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833-4136
Telephone: (916) 925-6620
Fax No: (916) 925-1127
Email: aavery@hsmlaw.com

Attorneys for
IRMA C. EDMONDS,
Plaintiff and Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### (Sacramento Division)

| | |
|---|---|
| In re<br><br>KATHRYN CLAIRE-DOBSON WILEY,<br><br>    Debtor. | Case No.: 17-28388-C-7 |
| IRMA C. EDMONDS, Chapter 7 Trustee<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICAN EXPRESS NATIONAL BANK,<br><br>    Defendant. | Adv. No.:<br><br>**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO U.S.C. §§ 547 AND 550; AND, TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502** |

IRMA C. EDMONDS, the Chapter 7 Trustee in the above-referenced bankruptcy case and Plaintiff in this adversary proceeding ("Plaintiff" or "Trustee"), through her counsel, Hefner, Stark & Marois, LLP, alleges as follows:

1. KATHRYN CLAIRE-DOBSON WILEY ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on December 29, 2017. The Trustee was appointed Chapter 7 Trustee on December 29, 2017, and has served in that capacity at all

1

K:\Edmonds, Irma C\Wiley, Kathryn (8243-0007)\AP (Amex)\pldg complaint (amex).docx

times thereafter.

2. This is an adversary proceeding against AMERICAN EXPRESS NATIONAL BANK ("Defendant"), for avoidance and recovery of transfers of property of the estate.

3. This adversary proceeding arises out of and relates to the Chapter 7 case of the Debtor, Case No. 17-28388-C-7 (the "Bankruptcy Case"). Jurisdiction in this Court over this adversary proceeding is based upon 28 U.S.C. §§ 157 and 1334 and the reference in General Order 182 and 223 of the United States District Court for the Eastern District of California. This adversary proceeding is brought pursuant to 11 U.S.C. §§ 502, 547, and 550; and, Rule 7001 of the Federal Rules of Bankruptcy Procedure.

4. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (B), (F), and (O), and, as such, this court may enter a final judgment in this case. To the extent this is determined not to be a core proceeding, the Plaintiff consents to the bankruptcy judge entering final judgments, orders and decrees in this proceeding.

5. Venue is in the Eastern District of California pursuant to 28 U.S.C. § 1409, as the Bankruptcy Case is pending in this district.

6. The Plaintiff is informed that Defendant AMERICAN EXPRESS NATIONAL BANK is a chartered national bank, with its corporate office located in Salt Lake City, Utah.

7. The Plaintiff is informed and believes and thereon alleges that Defendant was a pre-petition creditor of the Debtor.

8. Based on the Debtor's Statement of Financial Affairs (Docket 1), filed December 29, 2017 (See Exhibit "A" attached hereto), and information provided by the Debtor, the Plaintiff is informed and believes that the Debtor made the following transfers to Defendant, on or about the dates below, during the ninety (90) days before the filing of her bankruptcy petition (the "Transfers"):

| Date Transferred | Amount Transferred |
|---|---|
| 10/3/2017 | $22,876.02 |
| 10/27/2017 | $4,000.00 |
| TOTAL | $26,876.02 |

9. The Plaintiff is informed and believes and thereon alleges that the Transfers were made to Defendant by the Debtor from the Debtor's funds.

10. On May 25, 2018, Defendant filed Proof of Claim No. 4 in this bankruptcy case, in the unsecured amount of $37,276.38 ("Proof of Claim 4").

11. On June 5, 2018, Defendant filed Proof of Claim No. 5 in this bankruptcy case, in the unsecured amount of $9,756.73 ("Proof of Claim 5").

## FIRST CLAIM FOR RELIEF
### (Avoidance of Preferential Transfers - 11 U.S.C. § 547)

12. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 11, inclusive, of this Complaint and by this reference incorporates the same herein as though more fully set forth at length.

13. The Plaintiff is informed and believes and thereon alleges that the Transfers were made by the Debtor to and for the benefit of Defendant, on account of antecedent debt owing from the Debtor to Defendant.

14. The Plaintiff is informed and believes and thereon alleges that the Transfers were made by the Debtor to and for the benefit of Defendant within ninety (90) days prior to the commencement of the Debtor's Bankruptcy Case.

15. The Plaintiff is informed and believes and thereon alleges that, at the time of the Transfers, Debtor was insolvent within the meaning of the United States Bankruptcy Code.

16. The Plaintiff is informed and believes and thereon alleges that, based upon the estate's assets and liabilities, the Transfers enabled Defendant to receive more than Defendant would receive if: 1) the case were a case under chapter 7 of this title; 2) the Transfers had not been made; and, 3) Defendant received payment of its debt to the extent provided by the provisions of the Code.

17. Accordingly, the Plaintiff is entitled to avoid the Transfers as preferential pursuant to 11 U.S.C. § 547(b).

**WHEREFORE,** the Plaintiff prays for judgment as hereinafter set forth.

Hefner, Stark & Marois, LLP
Sacramento, CA

## SECOND CLAIM FOR RELIEF
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

18. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 17, inclusive, of this Complaint and by this reference incorporates the same herein as though more fully set forth at length.

19. The Plaintiff is informed and believes and thereon alleges that the Transfers were made by the Debtor to and for the benefit of Defendant. As such, Defendant is the transferee of the Transfers, which are avoidable pursuant to 11 U.S.C. § 547(b).

20. Accordingly, the Plaintiff is entitled to recover the Transfers, or the value thereof, from Defendant pursuant to 11 U.S.C. § 550(a).

**WHEREFORE**, the Plaintiff prays for judgment as hereinafter set forth.

## THIRD CLAIM FOR RELIEF
### (Objection/Disallowance of Claims - 11 U.S.C. § 502(d))

21. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 20, inclusive, of this Complaint and by this reference incorporates the same herein as though more fully set forth at length.

22. Pursuant to 11 U.S.C. § 502(d), until the Transfers, or the value thereof, are returned to the estate, any claim that Defendant may have against the Debtor's estate must be disallowed in full.

23. In the event and to the extent Defendant has paid the amounts and/or turned over any such property for which such Defendant is liable, including under Bankruptcy Code §§ 547 and 550, Defendant then shall be allowed one or more unsecured claims in this Bankruptcy Case, according to proof, but subject to any additional theories of the Plaintiff for the disallowance of Defendant's claims, all of which the Plaintiff reserves the right to assert at a later date herein.

24. Accordingly, Defendant's Proof of Claim 4 and Proof of Claim 5 should be disallowed pursuant to 11 U.S.C. §502(d).

**WHEREFORE**, the Plaintiff prays for judgment as hereinafter set forth.

///

Hefner, Stark & Marois, LLP
Sacramento, CA

K:\Edmonds, Irma C\Wiley, Kathryn (8243-0007)\AP (Amex)\pldg complaint (amex).docx

## PRAYER

**WHEREFORE**, the Plaintiff prays for a judgment as follows:

1. That the Transfers to Defendant be avoided pursuant to 11 U.S.C. § 547(b);

2. For recovery of the Transfers, or the value thereof, from Defendant, pursuant to 11 U.S.C. § 550(a), in the amount of $26,876.02;

3. Disallowing any claim Defendant has or may have against the Debtor and/or the bankruptcy estate, all according to proof;

4. For pre-judgment interest on the Transfers at the maximum legal rate pursuant to state and federal law, as applicable, until judgment is entered;

5. For post-judgment interest on the Transfers at the maximum legal rate pursuant to state and federal law, as applicable, from the date of entry of judgment until the Plaintiff is paid in full;

6. For recoverable costs of suit; and,

7. For such other and further relief as the Court deems necessary and proper.

Dated: December 23, 2019     HEFNER, STARK & MAROIS, LLP

By _/s/ Aaron A. Avery_
Aaron A. Avery, Attorneys for Plaintiff
IRMA C. EDMONDS,
Chapter 7 Trustee

Hefner, Stark & Marois, LLP
Sacramento, CA

K:\Edmonds, Irma C\Wiley, Kathryn (8243-0007)\AP (Amex)\pldg complaint (amex).docx